Filed 6/4/24  P. v. Tekeste CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>DEGOL S. TEKESTE,<br><br>　　　Defendant and Appellant. | D082458<br><br><br>(Super. Ct. No. SCD289324) |

APPEAL from a judgment of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


INTRODUCTION

Degol S. Tekeste was charged with rape of Jane Doe by means of force, violence, duress, menace or fear of immediate and unlawful bodily injury (Pen. Code, § 261, subd. (a)(2); count 1 [undesignated statutory references are to the Penal Code]) and rape of Doe while she was prevented from resisting

by an intoxicating substance and this condition was reasonably known or reasonably should have been known by Tekeste (§ 261, subd. (a)(3); count 2). A jury convicted Tekeste of both charges. He was sentenced to serve a total prison term of three years.

Tekeste appeals. His appointed appellate counsel filed an opening brief raising no arguable issues and requesting that we exercise our discretion to review the record for potential issues under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We issued an order giving Tekeste an opportunity to file his own supplemental brief, but he has not done so. We have independently reviewed the record and find no arguable issue that would result in a modification or reversal of the judgment. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.

### *Trial Evidence*

In November 2020, Tekeste and 21-year old Doe were "matched" on "Hinge," a dating application. After messaging each other on Hinge, they began to text each other directly on their phones. On the night of November 20, Tekeste invited Doe "to chill and drink at his place." She accepted his invitation, understanding they were only going to drink Tequila. They did not discuss nor did she think they were going to engage in "any sort of sexual activity."

Doe had never met Tekeste or been to his apartment before. She took an Uber there. He met her outside, they introduced themselves, and he walked her to his apartment. Inside, he offered her marijuana. She declined. They sat on the couch, talked and took shots of Tequila. At some point, Tekeste touched Doe's thighs. She told him, "I don't want to have sex." He

responded, "[N]o, I'm not here for that." She told him a few times she did not want to have sex.

Over the course of their conversation, she drank about 8 shots of Tequila and also drank some from the bottle. Tekeste chased his Tequila with orange juice so he would not get as drunk as Doe. Doe was feeling "pretty tipsy" and when she stood up to use the bathroom, "the alcohol hit [her]." She tried to make her way to the bathroom, but Tekeste came around and grabbed her shoulders. She stopped him and again told him, multiple times, "We can't have sex." The "whole room was spinning" and she was "drunk." She "stumbled into the fridge" and "could barely hold [her] composure." "Walking was very difficult." Doe, who was not a drinker, had never been this intoxicated.

Doe had "no idea" how but they eventually ended upon Tekeste's bedroom. She had an "intuition" of "what was going to happen." She texted her best friend, Marquise: "Everything is spinny." Marquise texted her, "Do you know where you are and do I need to call the police or something?" She replied, "I think he's going to rape me." More texts followed. She wrote, "p-l-z help me." Marquise asked, "Do you need me to get you?" She responded: " 'He's going to." "Rape." "Me." Marquise told her to share her location on her phone and that he could call the police if she needed. She sent another text: "He made." "Me suck dick." Marquise texted her that he was on his way after receiving her phone location.

Tekeste took her phone and threw it "to the farthest" side of the bed. At some point, his pants were down and his penis was out. He tried to "sway" her head toward his penis; it touched her face. She pushed away his penis with her hand. Later, Tekeste was sitting up on the bed "in a starfish position," with his hands and feet spread. She remembered crawling closer to

the edge of the bed, and "then from there," she does not remember what happened. But at some point she was in a "doggie style position," and then felt "pain" in her vagina. "[T]hen everything kind of just went black again."

Doe remembered hearing a sound "like a notification of a recording." She did not consent to Tekeste filming her. And she did not consent to having sexual intercourse with Tekeste.

Doe woke up and started crying profusely because of the pain she felt in her vagina. Tekeste told her she was "tripping." She found her phone. He then "guided [her] to the door." Doe immediately called Marquise, who told her to call the police.

As she waited for the police, Doe "clinged" to a pole because she was unable to walk without falling. Two police officers responded to Tekeste's apartment at about 12:30 a.m. on November 21, 2020. She was taken to a hospital for a sexual assault examination, where a urine toxicology sample was taken from her at 5:15 a.m. and a blood alcohol sample at 7:30 a.m., on November 21, 2020. Her blood alcohol concentration (BAC) was 0.033 percent alcohol at the time of testing. Based on a retrograde analysis of that BAC, a criminalist testified that a 21-year-old female, 210 pounds, five feet six inches,[1] assuming full absorption, would have had a BAC between 0.12 to 0.22 percent between 11:45 p.m. and 12:05 a.m. Based on the same parameters but assuming there had not been full absorption, the criminalist opined the same person would have a BAC between 0.10 to 0.20 percent. At either BAC range, the person would experience mental and physical impairments.

---

[1] Doe is five feet six inches tall and at the time, weighed between 195 to 215 pounds.

At the scene, the police officers contacted Tekeste. Other than an odor of alcohol, he did not show symptoms of being intoxicated. Tekeste admitted he knew Doe was "drunk as fuck." He showed the officers two videos he had on his phone of the sex acts with Doe. The videos were time stamped November 20, 2020 at 11:45 p.m. and November 21 at 12:05 a.m. The footage lasted "about 11 minutes in total." It showed, according to one officer's description, "[Doe] laying down on a bed with her butt up and then [Tekeste] was having sexual intercourse with her as she was laying there. There were a couple of times you could hear her saying, 'no, please stop, it hurts' and trying to push his hand away."[2]

Tekeste testified in his defense. He believed, "everything was consensual."

## II.

### *Verdicts and Sentencing*

The jury deliberated for less than a day and convicted Tekeste of rape of Doe by means of force, violence, duress, menace or fear of immediate and unlawful bodily injury (§ 261, subd. (a)(2); count 1) and rape of Doe while she was prevented from resisting by an intoxicating substance and this condition was reasonably known or reasonably should have been known by Tekeste (§ 261, subd. (a)(3); count 2).

At the sentencing hearing in June 2023, defense counsel argued both crimes were part of "a continuous act" and multiple punishment was barred by section 654. Alternatively, he requested the trial court impose the low term of three years on both offenses to run concurrently.

---

[2]    The videos were shown to the jury. They are not part of the record on appeal, but as we later discuss, the prosecutor provided a fairly extensive description of their content at sentencing.

The prosecutor disagreed. She argued the videos Tekeste took of his offenses against Doe "show[ed] clear, separate, and distinct sex acts" sufficient for separate punishment. As she summarized, in "the first video depicting the rape of [Doe], she's positioned on the bed facing the closet and the microphone, and the defendant is seen having penile-vaginal sex with her from behind. . . . [T]he defendant turned the phone around and, in essence, took a selfie of himself. As the defendant, for lack of a better term, increases his thrusting, [Doe] comes to and repeatedly begs him to stop. . . . Instead, he continues. [Doe], at this point, pulls her right hand behind her back trying to stop him, and at which point the defendant can clearly be seen holding her wrist, holding onto her hand, and continuing to have sex with her despite the protest verbally and physically." In the next video, "is the defendant filming [Doe] in bed in a completely different position. In that video, he is not having sex with her. He has stopped. She is nude from the waist down, and he is repeatedly slapping her buttocks. The next video in succession then shows the defendant again having sex with the victim behind in a different position. In that video, she is not as responsive as to when he was thrusting in the manner he was before. These are clear break[s] in the sexual assault. There is clear positioning of the victim."

Having seen the video evidence, the trial court agreed with the prosecutor that Tekeste committed "separate acts" and thus multiple punishment was not barred by section 654. Accordingly, it sentenced Tekeste to serve a total prison term of three years, consisting of the low term of three years on count 1 and the low term of three years concurrent on count 2.

DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below, arguing no specific contentions as grounds for relief, and

6

asking this court to review the entire record for error as mandated by *Wende, supra*, 25 Cal.3d 436. To assist the court in its review, and in compliance with *Anders, supra*, 386 U.S. 738, counsel identified the following possible, but not arguable, issue: "Whether count two should have been stayed under Penal Code section 654?"

We have considered the potential issue identified by Tekeste's appellate counsel and conducted an independent review of the entire record for other arguable issues under *Wende* and *Anders*. Based on our review, we conclude there is no arguable issue that would result in a modification or reversal of the judgment. Tekeste is competently represented in this appeal. Accordingly, we affirm the judgment. (*Wende, supra*, 25 Cal.3d at pp. 441–442.)

DISPOSITION

The judgment is affirmed.

DO, Acting P. J.

WE CONCUR:

CASTILLO, J.

RUBIN, J.

7